## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
JANE DOE-3, by her Parents      )
and Next Friends, JOHN DOE-3,   )
and JULIE DOE-3, and            )
JOHN DOE-3 and JULIE            )
DOE-3, individually,            )
                                )
        Plaintiffs,             )
                                )
    v.                          )   Case No. 03-1135
                                )
GERALD SCOTT HUDDLESTON, ET AL,)
                                )
        Defendants.             )
```

# **O R D E R**

Before the Court is Defendant Prairie Central School District No. 8 Board of Education's (hereinafter "PCSD's") Motion for Summary Judgment [Doc. # 102]. Plaintiffs have responded, and PCSD has filed a reply. For the reasons that follow, the motion will be granted.

### **I.   Background**

The relevant facts are largely undisputed. Plaintiffs' claims arise from two incidents between Defendant Gerald Huddleston,[1] a former art teacher at a school operated by PCSD, and Plaintiff Jane Doe-3 (hereinafter "Jane"). Plaintiffs claim that Huddleston sexually abused Jane on two occasions when she stayed after class to help clean up the art room. The question currently before the Court is PCSD's liability in connection with these incidents.

Superintendent Philip Pogue hired Huddleston in October 1997.

---

[1] Huddleston did not answer the Complaint and default has been entered as to Plaintiffs' claims against him.

In October 1997, PCSD had a standard written application for teaching positions which would be placed in an employee's file once they were hired. Huddleston's written application form has not been produced and Superintendent Pogue testified he does not know if one still exists today. During the application process, Pogue never asked Huddleston whether he had been convicted or arrested for any crimes, whether he had ever been accused of sexual abuse or harassment, or whether he was a registered sex offender.

Prior to being hired by PCSD, Huddleston was arrested in McLean County, Illinois for public indecency. He entered a guilty plea to that charge on March 3, 1997 and was placed on a 12-month period of court supervision. The school principal and superintendent had no knowledge of Huddleston's prior criminal history until after he was arrested on charges related to this case, and the Illinois State Police performed a background check on Huddleston which did not show any prior claims or convictions.

Plaintiffs John Doe-3 (hereinafter John) and Julie Doe-3 (hereinafter Julie) are Jane's parents, and it is undisputed that neither communicated any concerns regarding Jane or Huddleston to school officials at the school until after Huddleston was arrested.

## II.  Legal Standard

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of

portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

### III. Analysis

Plaintiffs have brought two claims against PCSD: a claim under 20 U.S.C. 1681 (Title IX) by Jane for sexual harassment (Count I), and a claim by Jane, Julie, and John for intentional infliction of

emotional distress (Count V).  In their response to PCSD summary judgment motion, Plaintiffs John and Julie Doe have conceded that their claims against PCSD fail.  Accordingly, the Court will grant PCSD motion as to these claims.  The Court will address the other claims in turn.

**A.   Title IX Claim**

Title IX provides, in pertinent part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).  In Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999), the Supreme Court held that a school district that receives Title IX funds can be liable in a private action for damages under Title IX if the school is deliberately indifferent to known acts of sexual harassment.  However, the Supreme Court stated:

> [F]unding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, **of which they have actual knowledge**, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

Davis, 526 U.S. at 650 (emphasis added); see also Gebser v. Lago Vista Independent School District, 524 U.S. 274, 290 (1989) ("[A] damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [funding] recipients behalf has actual knowledge of discrimination in the [funding]

recipients programs and fails adequately to respond.")

In its motion, PCSD argues there is an absence of a triable issue of fact as to its "actual knowledge" of Huddleston's conduct towards Plaintiff Jane Doe-3.  In response, Plaintiffs argue that there is a disputed issue of material fact as to whether PCSD officials knew of Huddleston's prior arrest for public indecency.  However, Plaintiffs ignore the relevant question, which is not whether PCDS knew of Huddleston's prior arrest, but whether it knew of the sexual harassment of Jane Doe-3.  Plaintiffs have put forth no evidence to suggest that any PCSD official had actual knowledge of Huddleston's sexual misconduct towards Jane Doe-3.  Consequently, viewing the record and all inferences drawn from it in the light most favorable to the Plaintiffs, the Court finds PCSD is entitled to summary judgment as to Plaintiff Jane Doe-3's Title XI claim.

**B.    Intentional Infliction of Emotional Distress Claim**

In Illinois, to recover for intentional infliction of emotional distress, a plaintiff must show (1) that the defendant's conduct was truly extreme and outrageous, (2) that the defendant either intended that his conduct inflict severe emotional distress or knew that there was at least a high probability that his conduct would cause severe emotional distress, and (3) that the conduct in fact caused severe emotional distress.  McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988).  Reckless conduct may support this cause of action only if the defendant knew severe emotional distress was certain or substantially certain to result-- "[l]iability extends to situations in which there is a high degree

5

of probability that severe emotional distress will follow and the actor goes ahead in conscious disregard of it." See <u>Public Finance Corp. v. Davis</u>, 360 N.E.2d 765, 767 (Ill. 1976).

In its motion, PCSD argues there is an absence of a triable issue of fact as to whether it had intended to cause Jane harm or whether it knew that there was at least a high probability that its conduct would cause Jane severe emotional distress.  In response, Plaintiffs again argue that there is a disputed issue of material fact as to whether PCSD officials knew of Huddleston's prior arrest for public indecency and that PCSD's disregard of this conviction constituted extreme and outrageous conduct.  The Court disagrees. Huddleston was hired in 1997, and the incident at issue in this case did not occur until 2002.  For Plaintiffs' argument to succeed, they would have to produce some evidence to show that when PCSD hired Huddleston in 1997 it knew that there was at least a high probability that its conduct in hiring Huddleston would cause Jane Doe-3 severe emotional distress.  They have not done so. Plaintiffs have put forth no evidence to suggest that any PCSD official had actual knowledge of Huddleston's prior arrest.  Even assuming PCSD had known of the arrest, Plaintiffs cannot show that when PCSD's hired Huddleston, it knew that there was at least a high probability that its conduct would injure a student five years later.  <u>Cf.</u> <u>Giraldi v. Lamson</u>, 563 F.2d 956, 959-60 (Ill. App. 1990) (parents of kindergartner, who was sexually assaulted by school bus driver, failed to state claim for intentional infliction of emotional distress against school district based on school district's alleged failure to investigate bus driver prior to

hiring him where school district did not intend to inflict emotional distress upon parents and did not know that there was high probability that their failure to investigate would cause parents emotional distress). Accordingly, viewing the record and all inferences drawn from it in the light most favorable to the Plaintiffs, the Court finds PCSD is entitled to summary judgment as to Plaintiffs' intentional infliction of emotional distress claims.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant Prairie Central School District No. 8 Board of Education's (hereinafter "PCSD's") Motion for Summary Judgment [Doc. # 102] is GRANTED.

Entered this  4th   day of May, 2006.

                                                   s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                    United States District Judge